# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOEL JONES**                                                                                **PETITIONER**

**v.**                                                                                 **No. 1:19CV83-GHD-JMV**

**WARDEN BRANDON SMITH, ET AL.**                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Joel Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; Mr. Jones has filed a Traverse, and the parties have submitted further briefing. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Joel Jones ("Jones" or "Petitioner") is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Carroll/Montgomery County Regional Correctional Facility in Vaiden, Mississippi. He was convicted of two counts of aggravated assault in the Circuit Court of Lowndes County, Mississippi. *See* State Court Record Cause No. 2014-KA-01356-COA, Vol. 1, pp. 100, 112-13;[1] *see also* SCR, Vol. 6, p. 614. On August 25, 2014, Joel Jones was sentenced to twenty (20) years for Count I, with twelve (12) years to serve in the custody of the MDOC and eight (8) years suspended under the terms and conditions of Post-Release Supervision (PRS) for five (5) years. SCR, Vol. 1, pp. 114-16; *see also* SCR, Vol. 6, pp. 634-36. Mr. Jones was sentenced on Count II, pursuant to a second Sentencing Order filed on August 25, 2014, to serve a term of twenty (20) years in the custody of the MDOC, to run consecutively to the sentence imposed in Count I.

---

[1] References to the state court record from Jones's direct appeal of his convictions and sentences and post-conviction proceedings are designated as "SCR" with the appropriate volume and page number.

SCR, Vol. 1, p. 117; *see also* SCR, Vol. 6, pp. 636-37.

Jones, through counsel, appealed his convictions and sentences, wherein he raised the following issues:

(1) The State's instruction on accomplice liability was an impermissible constructive amendment of the indictment;

(2) The State presented no evidence to support the trial court's granting of its accomplice liability instruction; and

(3) The trial court erred in granting the State's cautionary instruction regarding accomplice liability.

*See* SCR, Briefs, Brief of the Appellant. On June 21, 2016, the Mississippi Court of Appeals affirmed Jones's convictions and sentences. *See Jones v. State*, 238 So. 3d 1235 (Miss. Ct. App. 2016), *reh'g denied*, Jan. 9, 2018, *cert. denied*, March 29, 2018 (No. 2014-KA-01356-COA).

On January 31, 2018, Jones, proceeding *pro se*, signed his Application for Leave to Proceed in Trial Court and Motion for Post-Conviction Collateral Relief (the "PCR motion") in the Mississippi Supreme Court, Cause No. 2019-M-256, raising the following issues:

(1) The State's instruction on accomplice liability was an impermissible constructive amendment of the indictment.

(2) Petitioner was denied effective assistance of counsel during pre-trial and trial proceedings by trial counsel.

(3) Petitioner was denied effective assistance of counsel during post-trial proceedings by appellant counsel.

(4) Petitioner was denied right to speedy trial under the Constitution's VI Amendment.

(5) Evidence at trial did not support conviction.

(6) Petitioner's counsel should be ordered to submit an affidavit responding to the allegation in this motion.

*See* SCR, Cause No. 2019-M-256. The Mississippi Supreme Court denied the PCR motion on April

16, 2019. Exhibit B.[2]

Petitioner, *pro se*, filed the instant Petition with this Court on April 26, 2019, raising the following grounds for relief:

> **Ground One**: The State's instruction on accomplice liability was an impermissible constructive amendment of the indictment.
>
> **Ground Two**: Petitioner was denied effective assistance of counsel during pre-trial and trial proceedings by trial counsel.
>
> **Ground Three**: Petitioner was denied effective assistance of counsel during post-trial proceedings by appell[ate] counsel.
>
> **Ground Four**: Petitioner was denied right to speedy trial under [the] Constitution's VI Amendment.

ECF doc. 1.

The Mississippi Court of Appeals summarized the facts of Mr. Jones' case:

On Ju[ne] 14, 2012, in Columbus, Mississippi, Jones was seen looking for an acquaintance, Alvin Johnson (Alvin), near Ash Street. The trial testimony showed that Jones was looking for Alvin because he owed Jones money. Later that same day, Jones was seen with two other individuals, Deandre Tillman and Taylor Conner. They arrived at the same portion of Ash Street, and a fistfight broke out between Alvin and Jones. Tillman and Conner joined the fight to help Jones, which prompted Zach Johnson (Zach) and Alson Glenn to join in to help Alvin. After the fight ended, Jones, Tillman, and Conner left. About twenty minutes later, they returned in Jones's car. Zach testified that Jones drove "up speeding and spinning tires," and that Jones pointed a shotgun out the window. Another witness, Vivian Hodges, the owner of the house where this took place, testified Jones stopped in front of the house and stated he was going to "shoot up in the crowd" and did not care whom he hit. Hodges told him to leave or she would call the police. He drove off.

---

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's Response [7] to the instant *habeas corpus* petition.

Zach testified that later that evening, they again encountered Jones, Conner, and Tillman, as Zach, Alvin, Glenn, and two other individuals, Tomarcus Thomas and Demontrell Hodges, were walking to a nearby convenience store. Jones drove toward them in his blue car, in which Conner and Tillman were passengers. There is conflicting testimony as to who exited the car and whether Jones or Conner pulled out a shotgun, but, during the confrontation, Zach and Thomas were shot. Zach was shot in the face, leaving him permanently blinded. Thomas, who was standing behind Zach, suffered wounds to his face.

Both Zach and Thomas testified that Jones was the shooter. Also, Zach's friend Keith Brooks testified that he was nearby and saw Jones's car stop, the headlights turn off, and Jones exit the driver's seat with a shotgun. However, Glenn testified only Conner had a gun. Glenn stated that, although he did not see who fired the shot, he saw Conner with a shotgun seconds before the shooting took place, and that at no time did Conner set the gun down or give it to Jones. Tillman, who testified on Jones's behalf, stated that Conner was the shooter and that Zach also had a gun.

Jones was indicted on October 25, 2012, on two counts of aggravated assault and one count of intimidating a witness. The State's theory of the case was that Jones was the shooter and was aided by his co-defendants, Tillman and Conner. Although Jones was indicted as a principal, the State introduced a jury instruction as to accomplice liability and a cautionary instruction concerning accomplice testimony. Jones did not object to the accomplice instruction during the trial.

*Jones*, 238 So. 3d at 1237-38 (¶¶ 2-5).

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds for relief in the instant petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any of the petitioner's claims.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is

- 6 -

the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: State's Instruction on Accomplice Liability Was an Impermissible Constructive Amendment of the Indictment

Challenges to jury instructions generally may not form a basis for federal *habeas corpus* relief. *Gilmore v. Taylor*, 113 S.Ct. 2112, 2118-19 (1993); *Estelle v. McGuire*, 502 U.S. 62, 71-71 (1991). Unless a petitioner establishes that an improper instruction rose to the level of a constitutional violation, *habeas corpus* will not lie to set aside the conviction. *Gilmore*, 113 S.Ct. at 2121; *Estelle*, 502 U.S. at 72. To prove that errors in jury instructions were sufficiently prejudicial to support a collateral attack on the constitutional validity of a state court's judgment, "[a] petitioner must show that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process." *Mayabb v. Johnson*, 168 F.3d 863 (5th Cir. 1999) (citing *Henderson, supra*). In the case of an alleged constructive amendment, "courts 'must determine whether the instruction permitted the jury to convict the defendant on a factual basis that effectively modified an essential element of the offense charged.'" *Burgess v. Fisher*, No. 3:16-CV-914-WHB-JCG, 2018 WL 6651531, at *2 (S.D. Miss. Dec. 19, 2018) (internal citations omitted). Mr. Jones has not made this showing.

Mr. Jones argues that the accomplice-liability instruction, Jury Instruction S-5, improperly amended his indictment because he was charged as a principal, not as an accomplice. *See* ECF doc. 1, p. 5. The Mississippi Court of Appeals found this issue to be procedurally barred, but alternatively

found Jones' claim regarding the accomplice-liability instruction (Jury Instruction S-5) to be without merit. For Jones to be entitled to federal *habeas corpus* relief on his claim in Ground One, the "difference between the indictment and the jury instruction must 'allow the defendant to be convicted of a separate crime from the one for which he was indicted.'" *United States v. Gentler*, 492 F.3d 306, 312 (5th Cir. 2007) (quoting *United States v. Nunez*, 180 F.3d 227, 231 (5th Cir. 1999)). That is simply not what happened in this case.

Mr. Jones was indicted for two counts of aggravated assault under Miss. Code Ann. § 97-3-7. SCR, Vol. 1, pp. 37-38. On direct appeal, the Mississippi Court of Appeals discussed applicable state law:

> [U]nder the statutory language of Mississippi Code Annotated section 97-1-3 (Rev. 2006), "an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such[.]" *Johnson v. State,* 956 So.2d 358, 363 (¶ 12) (Miss. Ct. App. 2007) (quoting Miss.Code Ann. § 97-1-3). We held that "[t]he clear language of section 97-1-3, as well as the holdings of both this Court and the Mississippi Supreme Court interpreting and applying that provision, provide[s] sufficient notice to felony defendants that although they may be indicted as a principal, a jury instruction based on accomplice liability is proper, provided that 'the evidence presented supports the instruction given.'" *Johnson,* 956 So.2d at 363 (¶ 12) (quoting *Pratt v. State,* 870 So.2d 1241, 1250 (¶ 28) (Miss. Ct. App. 2004)).

*Jones*, 238 So. 3d at 1240 (¶ 12). Jones' defense at trial was that *he* did not pull the trigger, Conner did. *See* SCR, Vol. 2, pp. 126-29; Vol. 3, pp. 197-201; Vol. 4, pp. 435-39, 452; Vol. 5, p. 481.

The Mississippi Court of Appeals found that, "[g]iven the conflicting testimony and Jones's own theory of defense, there was evidence to support the accomplice-liability jury instruction." *Jones*, 238 So. 3d at 1241 (_ 17). The court further found that

> There was no dispute that Jones was present at the scene of the shooting, ... that Jones was involved in the altercation earlier in the day[, and that Jones] was the driver of the car that approached and fled from the scene of the shooting. Further, Jones, Conner, and Tillman were found together in Jones's car shortly after the shooting and arrested.

- 8 -

*Id.* Thus, Mr. Jones was properly indicted for aggravated assault as a principal in accordance with Miss. Code Ann. § 97-3-1, and the evidence supported the accomplice-liability instruction given by the trial court. As such, the accomplice-liability jury instruction did not constructively amend Jones's indictment.

For these reasons, the Mississippi Court of Appeals' resolution of the issue in Ground One, that the claim was meritless, was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Hence, Mr. Jones is not entitled to *habeas corpus* relief on his claim in Ground One of the instant petition.

### Grounds Two and Three:
### Ineffective Assistance of Trial and Appellate Counsel

In Ground Two, Mr. Jones argues that his trial counsel was ineffective, and in Ground Three, he argues that his appellate counsel was ineffective. ECF doc. 1, pp. 6, 8. He raised both of these issues on post-conviction review, and the Mississippi Supreme Court "duly considered" Jones's PCR motion and denied it without explanation. *See* Exhibit B.

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

**Trial Counsel: Failure to Cross-Examine Witness**

Mr. Jones argues that trial counsel provided ineffective assistance because he represented a state witness and did not cross-examine that witness. First, Mr. Jones did not identify which state witness his trial counsel allegedly represented, and "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir.1982) (collecting cases)). In addition, his assertion is flatly contradicted by the record, which reflects that the prosecution called fifteen witnesses at trial, including rebuttal witnesses, and Jones' counsel cross-examined each of them. *See generally*, SCR. Mr. Jones' allegation that counsel failed to cross-examine a witness is both conclusory and refuted by the record.

Additionally, trial counsel's decision whether to cross-examine a witness is a matter of strategy and does not amount to ineffective assistance of counsel. "Trial strategy enjoys a strong

- 10 -

presumption of effectiveness," and strategic decisions "are given a heavy measure of deference and should not be second-guessed." *See Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011); *see also United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Lamb v. Johnson,* 179 F.3d 352, 358 (5th Cir.1999)); *see also Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009). "Given the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993).

For these reasons, Mr. Jones has not shown that his counsel was deficient – nor that he was actually prejudiced; as such, he has not proved that counsel provided ineffective assistance in his defense. The Mississippi Supreme Court's denial of this claim was thus not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. This issue is without merit.

**Trial Counsel: Failure to Seek a Mistrial When Witness Discussed Case**

Mr. Jones argues that trial counsel was ineffective for failing to seek a mistrial when a State witness admitted to discussing the case with other witnesses. ECF doc. 1, p. 6. Mr. Jones does not identify the witness, but the record reflects that the witness in question was Keith Brooks. He testified that he lived with his mother on Ash Street, near the scene of the shooting, and that he witnessed the shooting and certain events leading up to the shooting. *See* SCR, Vol. 3, pp. 252-70. On cross-examination, defense counsel attempted to impeach Brooks' recollection of events and asked him if he had discussed the events with anyone. *Id*. at 258-66. Mr. Brooks admitted to having discussed what happened with other witnesses in the witness room. *Id*. at 265.

"[T]he decision not to seek a mistrial is frequently a strategic one." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (citing *Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir. 2005)) (other internal

- 11 -

citation omitted). The testimony makes clear that defense counsel was trying to impeach Brooks regarding his recollection of events – and to show the jury that his memory of the shooting may have been influenced by others. In addition, had counsel moved for a mistrial, the record does not show that the trial court would have granted it – or would have reversibly erred by refusing it. Thus, even if defense counsel had asked for a mistrial, there is no "reasonable probability that ... the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also United States v. Rosalez-Orozco*, 8 F.3d 198, 199 (5th Cir. 1993) ("In order to establish prejudice, [a petitioner] must show that [there was] a reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted ...."); *Burston v. Caldwell*, 506 F.2d 24, 28 (5th Cir. 1975). Mr. Jones has not met this burden.

For these reasons, Mr. Jones has not shown that his counsel was deficient for not seeking a mistrial, nor that he was actually prejudiced by that decision. Hence, he has not shown that his counsel provided ineffective assistance during his defense. As such, the Mississippi Supreme Court's denial of this claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. This issue is also without merit.

### Trial Counsel: Failure to Object to Jury Instruction S-5

Mr. Jones argues that trial counsel was ineffective for failing to object to Jury Instruction S-5, the instruction on accomplice-liability. The Mississippi Court of Appeals found that this claim was without merit. *Jones*, 238 So. 3d at 1238-40 (¶¶ 7-14). The state appellate court thus concluded that the instruction was proper under state law. As such, there was no basis upon which counsel could have lodged an objection. Accordingly, this court cannot hold trial counsel to have been ineffective for failing to raise a meritless objection. *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994)

("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.")

Mr. Jones has shown neither that trial counsel was deficient for failing to object to this jury instruction nor that he was actually prejudiced. For these reasons, he has not met the *Strickland* standard of ineffective assistance of counsel. As such, the Mississippi Supreme Court's denial of this claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. This issue is without merit.

### Trial Counsel: Failure to Seek Dismissal of Charges Due to Eight Months of Continuances

Mr. Jones was arrested on June 14, 2012, indicted on October 25, 2012, and tried on August 20-22, 2014. *See* SCR, Vol. 1, pp. 14, 22, 29, 37-38. The docket reflects that the trial court granted six motions for continuances; the defense agreed to all of them, and both parties agreed to five of the six. *Id.* at 1. The record also reflects that Mr. Jones posted bond in the amount of $100,000.00 on October 25, 2012 (the day he was indicted). *Id.* at 31. As discussed in more detail in Ground Four, while the delay between Mr. Jones' arrest and his trial was presumptively prejudicial, the reason for the delay does not weigh against the State; Jones never asserted his right to a speedy trial, and he was not prejudiced by the delay.

As Jones cannot complain of a delay due to continuances he sought and received, a motion for a speedy trial would have been futile. *See Nelson v. Hargett*, 989 F.2d 847, 852 (5th Cir. 1993) (citing *Davis v. Puckett*, 857 F.2d 1035, 1041 (5th Cir. 1988)). Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990). Mr. Jones has not shown that defense counsel was deficient by choosing not to seek dismissal of his case on speedy trial grounds; nor has he shown that

he was actually prejudiced by that decision. As such, he has not shown that counsel provided ineffective assistance in his defense. As such, the Mississippi Supreme Court's denial of this claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. This issue is without substantive merit.

**Appellate Counsel**

Mr. Jones argues that appellate counsel was ineffective for knowingly raising a claim that was procedurally barred – and for failing to raise a claims of a speedy trial violation and ineffective assistance of trial counsel. In reviewing the performance of appellate counsel, the two-pronged test of *Strickland* applies. *See Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). The controlling law for analyzing ineffective assistance of appellate counsel claims is *Jones v. Barnes*, 463 U.S. 745 (1985). In *Jones,* the Court stated that appellate counsel need not raise every "colorable" claim on appeal, recognizing that appellate counsel has broad discretion in determining which issues are more likely to succeed on appeal. *Jones*, 463 U.S. at 751-754. Indeed, "[a] brief that raises every colorable issue runs the risk of burying good arguments – those that ... 'go for the jugular'" under the weak ones. *Id.* at 753 (internal citation omitted). When a defendant's appellate counsel raised and extensively briefed a number of issues, he provided effective assistance in choosing not to argue every possible point on appeal. *Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986).

Mr. Jones argues that appellate counsel was ineffective for raising a claim that was procedurally barred – and for failing to raise a claim of ineffective assistance of trial counsel. ECF doc. 1, p. 8. First, though the claim regarding the accomplice-liability instruction was procedurally barred, the Mississippi Court of Appeals alternatively found it to be without merit, as discussed above. *See Jones*, 238 So. 3d at 1238-40 (¶¶ 7-14). Second, on post-conviction review, the Mississippi

- 14 -

Supreme Court considered and denied Mr. Jones' claim of a speedy trial violation on the merits. *See* Exhibit B; *see also* SCR, Cause No. 2019-M-256. Finally, ineffective assistance of counsel claims are more properly brought in post-conviction proceedings. *See Aguilar v. State*, 847 So. 2d 871, 878 (¶ 17) (Miss. Ct. App. 2002). For these reasons, appellate counsel provided effective assistance in declining to raise all possible issues on direct appeal.

In sum, none of Mr. Jones' claims of ineffective assistance of counsel have merit. He has not shown that the Mississippi Supreme Court's decision denying his claims of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. He is not entitled to relief on Grounds Two or Three of the instant petition.

### Ground Four: Violation of the Right to a Speedy Trial

Criminal defendants have a federal a constitutional right to a speedy trial, which is governed by *Barker v. Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). Under *Barker*, a court must weigh four factors to reach a speedy trial determination: (1) length of delay, (2) reason for the delay, (3) the accused's assertion of the speedy trial right, and (4) prejudice to the accused. These factors must be considered together, and no single factor is determinative. An analysis of the *Barker* factors reveals that Joel Jones is not entitled to *habeas corpus* relief on this ground because he acquiesced in all six continuances – the sole cause of the delays – and he was released on bond the day he was indicted.

### Length of Delay

This factor serves as a "triggering mechanism." *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the

balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay is necessarily dependent upon the peculiar circumstances of the case." *Id.* "The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). In the Fifth Circuit, a one-year delay is "presumptively prejudicial." *Id.*, citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). The Mississippi Supreme Court has generally held that a delay of eight months or longer is "presumptively prejudicial." *See State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001), *citing Smith v. State*, 550 So.2d 406, 408 (Miss. 1989). In this case, the delay was over a year and thus presumptively prejudicial.

**Reason for delay**

Six orders of continuance were filed in Jones's criminal matter. The docket sheet in the state court record reflects the filing of these agreed orders of continuance. Five of the orders were on motion of Mr. Jones, and defense counsel agreed to all six of the orders, which sought additional time to investigate, for discovery, and to locate witnesses. *Id.* These reasons weigh against Mr. Jones' speedy trial claim. "The speedy trial clock is properly tolled in cases where responsibility for the delay lies with the defendant rather than the state." *Nelson*, 989 F.2d at 852. Mr. Jones cannot complain of a lapse of time attributable to continuances he, himself, sought and received from the trial court. *See id.* (citing *Davis v. Puckett, supra*). The record also reflects that Jones' original appointed counsel withdrew due to a conflict of interest. SCR, Vol. 1, pp. 53-58. Thus, the vast majority of the delay in this case can be attributed to the defense. This factor weighs against finding a speedy trial violation.

**Defendant's Assertion of the Speedy Trial Right**

The third consideration under *Barker* is whether the defendant effectively asserted his right to a speedy trial. In *Barker*, the United States Supreme Court emphasized that "failure to assert the right [to a speedy trial] will make it difficult for a defendant to prove that he was denied a speedy trial. *Barker*, 407 U.S. at 531-32. As set forth above, Mr. Jones filed no motions regarding speedy trial violations; nor did he raise that issue on direct appeal of his convictions and sentences. Hence, this factor weighs against Mr. Jones.

**Prejudice to the Defendant**

The final factor the court must consider under *Barker* is prejudice to the accused. The interests the right to a speedy trial protects are: (1) prevention of oppressive pretrial incarceration, (2) an effort to minimize anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. The "most serious" of these rights is the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* Mr. Jones was at liberty while awaiting trial, as he posted bond in the amount of $100,000.00. *See* SCR, Vol. 1, p. 31. Further, he has not argued that he was actually prejudiced by the delay or that his defense was impaired as a result. For these reasons, this factor does not weigh against the State.

**No Violation of the Right to a Speedy Trial**

Though the delay between Mr. Jones' arrest and his trial was presumptively prejudicial, the *Barker* factors weigh against finding that a speedy trial violation occurred. The state court's decision finding no merit to Mr. Jones' claim was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light

of the evidence. As such, Mr. Jones is not entitled to *habeas corpus* relief on his claim in Ground Four of the instant petition.

## Conclusion

As to all grounds raised in the instant petition, the state courts' determination that the petitioner's claims were without merit did not "result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002). As such, Mr. Jones is not entitled to *habeas corpus* relief based on the grounds set forth in his petition. For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 27th day of July, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE